JOSEPH DiRUSCIO & MARY v. DiRUSCIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Di Ruscio v. Commissioner
Docket No. 10477-76.
United States Tax Court
T.C. Memo 1979-189; 1979 Tax Ct. Memo LEXIS 335; 38 T.C.M. (CCH) 802; T.C.M. (RIA) 79189; May 16, 1979, Filed *335 James D. Vandever, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' 1973 income tax in the amount of $16,666 and an addition to tax for fraud in the amount of $8,333 pursuant to section 6653(b), I.R.C. 1954. The Commissioner's computation of petitioners' taxable income was based upon his use of the bank deposit method. The Government conceded at the trial that the deficiency previously determined must be reduced by reason of the nontaxable character of a certain deposit, the nature of which was disclosed to it after the deficiency had been determined. As a consequence, the Government now claims a reduced deficiency in the amount of $12,000 and an addition to tax for fraud in the amount of $6,000. There was no appearance by or on behalf of the petitioners at the trial. The Government filed a motion to dismiss for lack of prosecution in which it recognized, however, that a trial on the merits would be necessary in respect of the section 6653(b) addition to tax, since the burden of proof on that issue rested upon the respondent. In view of petitioners' failure to appear, the basic deficiency, *336 as reduced to $12,000, must be approved, since the burden of proof in respect thereof was upon them and they presented no evidence to show any error in that determination. There remains for disposition therefore only the correctness of the section 6653(b) addition to tax, i.e., whether any part of the underpayment was due to fraud. The respondent presented evidence in respect of the fraud issue, and thereafter submitted requested findings of fact in his brief. We are satisfied that the proposed findings are fully supported by the record, and we accept them as our own, modified to some extent to reflect primarily some changes in language and organization, as follows: 1. The petitioners, husband and wife, filed a timely joint Federal income tax return for the calendar year 1973. 2. In 1973, the petitioner Joseph DiRuscio was a self-employed cement contractor. He handled small to medium sized cement contracting jobs. He employed 15 to 20 employees, depending upon how busy he was and the type of contracts he was working on. 3. In his notice of deficiency, dated September 13, 1976, the respondent, employing the bank deposits analysis method of proof, determined the petitioners *337 failed to report gross receipts from the cement contracting business in the total amount of $134,715. 4.The respondent subsequently learned that a $10,000 bank deposit included in the above amount repreented a non-income item. The petitioners actually failed to report gross receipts from the cement contracting business in the total amount of $124,715. 5. As part of an apparent plan to downgrade the magnitude of the cement contracting business petitioners failed to claim on their 1973 return a wide variety of allowable business expenses aggregating $88,497. 6. Included among the unclaimed business expenses were $64,090 in wages which petitioner Joseph DiRuscio paid to his employees. 7. Petitioners reported no interest income on their 1973 return, notwithstanding that they had interest income in the amount of $1,790 during that year. 8. During the initial examination of the petitioners' 1973 income tax return, the petitioners submitted cancelled checks and invoices to the revenue agent, Joseph Vricella. 9. The cancelled checks and invoices were represented by the petitioners to be an accurate and well organized record of the petitioners' business activities. There *338 was a packet of checks and invoices for each job and the petitioners had reconciled these records to their 1973 income tax return. 10. At the initial interview, the petitioners told the revenue agent that they had only one checking account, which was used for all business and personal transactions. 11. At the initial interview, the petitioners told the revenue agent that they did not have any savings accounts. 12. The deposits into the checking account disclosed by the petitioners exceeded the petitioners' reported gross receipts by approximately $72,000. Petitioners attempted to explain the excess bank deposits by stating to the revenue agent that such deposits were made on an as needed basis out of cash kept in their apartment which they had received from the sale of property in Italy and which had been brought to the United States in 1970 and 1971 by Mr. DiRuscio's sister. The revenue agent requested documentation and information relating to the sale of the property in Italy and the transfer of funds to the United States, but never received any such documentation or information. 13.In a subsequent meeting with the petitoners' representative, Mr. Joseph Leo, it was *339 disclosed to the revenue agent that the petitioners maintained two additional checking accunts. 14. Cancelled checks from these additional accounts, as well as previously undisclosed invoices, were presented to the revenue agent to support a claim for deduction of business expenses which had not been claimed on the petitioners' 1973 income tax return. 15. Included among the records of unclaimed business expenses were checks, in the total amount of $64,090, which represented additional wages paid to the petitioner's employees. 16. The additional wages were paid to persons who were Mr. DiRuscio's regular employees. The normal wages were paid to them by checks drawn upon the account originally disclosed by petitioners, and there was subtracted from such normal wages the applicable withholding (income) and employment taxes which were reported on the employer's Form 941 returns. In contrast, the payments of additional wages to such regular employees were made by checks drawn upon different checking accounts, first disclosed by Mr. Leo. No taxes were withheld from such additional wages, nor was their existence disclosed on the Forms 941 filed by Mr. DiRuscio. Petitioners did *340 not take any deductions on their 1973 income tax return in respect of such additional wages. 17. By serving summonses on banks in the area where the petitioners conducted their business, the revenue agent discovered that the petitioners had a total of nine checking and savings accounts, many of which had never been disclosed to him by the petitioners or their representative. 18. One of the undisclosed savings accounts had an average yearly balance in excess of $22,000. 19. After the revenue agent commenced his examination, the petitioners left their residence in Los Angeles, California. Respondent's agent was first told the petitioners were temporarily out of the state, then that they had gone to South America and finally, that the petitioners had gone to Italy for a period of unknown duration. The petitioners have given upon their apartment in Los Angeles and there is no indication that they intend to return to the United States. As indicated above, there remains for adjudication in this case only the propriety of the Commissioner's determination of fraud under section 6653(b). We are satisfied that the Government has proved such fraud by clear and convincing evidence, *341 and we so find as a fact. It is plain that petitioners deliberately concealed the existence of bank accounts and conducted their business in such manner as to conceal the magnitude of their business income and business expenses so as to enable them to understate substantially the amount of their taxable income. Decision will be entered for the respondent in accordance with respondent's concessions made at the trial.